MARY ANN RECOR, Respondent, *v.* CHARLES BLACKBURN and Others, Defendants.

LEVI BLUMENAU, Purchaser, Appellant.

*Referee's report unsupported by evidence — action of partition — merchantable title — terms of sale.*

In an action brought for the partition of certain real estate, it appeared that the title to such property was derived under the will of one Jane Richards, who was the wife of James Richards, who died seized of the property in 1884, and that the Legislature had released the interests of the State in the lands to Jane Richards, the widow, subject to the rights of the heirs of James Richards therein. The referee before whom the action was tried found that James Richards was never a citizen of the United States; that he left no heirs at law nor next of kin, except his widow; no evidence of, nor testimony relating to, which facts was returned by the referee. The decree ordered the premises sold, and decided that the devisees of Jane Richards owned the title. The referee sold the land subject to the claim of the heirs of James Richards, although no direction to do so was contained in the decree, but it was contained in the terms of sale signed by the purchaser's son, who did not understand their force and effect.

An order was made at Special Term directing the purchaser to complete his sale. *Held,* that such order was improper;

That the title to the premises was not a merchantable one, such as the purchaser was entitled to;

That the conditions of sale in such a case should have no binding effect, and the purchaser should be relieved from his purchase notwithstanding the same.

APPEAL by the purchaser, Levi Blumenau, from an order made at the Kings county Special Term, and entered in the office of the clerk of the county of Kings on the 6th day of February, 1893, directing the said Blumenau to complete his purchase of property sold by a referee under a judgment of partition and sale.

The terms of sale contained the following clause:

"7th. The premises above described are sold subject to any and all rights or claims of, in and to the said premises which the heirs of James Richards, deceased, may now have or at any time hereafter shall have, and also subject to a certain covenant against nuisances contained in a certain deed of said property by which the land is conveyed to James Richards, deceased.

"FRANK E. McELROY, *Referee.*"

The memorandum of sale was as follows:

"I have this 20th day of May, 1892, purchased the premises described in the above-annexed printed advertisement of sale, for the sum of $1,800, and hereby promise and agree to comply with the terms and conditions of sale of said premises as above mentioned and set forth.

"Dated *May* 20, 1892.          "L. BLUMENAU."

*Bearns & Brenner,* for the appellant.

*William C. Kellogg,* for the respondent.

BARNARD, P. J.:

This is an action for partition and sale of lands. The title sold is derived under the will of Jane Richards. She was the wife of James Richards, who died seized of the same in December, 1884. The Legislature, by chapter 170, Laws of 1886, released the interest of the State of New York in the lands to Jane Richards, the widow, subject to the rights of the heirs of James Richards therein. The report of the referee finds that James Richards was never made a citizen of the United States, and that he left no child or children nor heirs at law nor next of kin except the widow. There is no return of the evidence on which the fact of alienage is found, nor any testimony showing what heirs at law James Richards left. The decree ordered the premises sold; decided that the devisees of Jane Richards owned the title. The referee sold the land subject to the claim of the heirs of James Richards, although this direction was not contained in the decree. One Levi Blumenau became the purchaser at the sum of $1,800, and he declines to take the title. The papers show no title out of James Richards. The release of the State did not give a title as against the heirs of James Richards. The affidavit of Cahill tends strongly to show that there is a brother

of James Richards living in England, who corresponded with his brother up to a period shortly before James Richards' death. As against this brother the act granting title to the widow is inoperative. The purchaser is entitled to a merchantable title. (*Fleming v. Burnham*, 100 N. Y. 1.) This is not such a title. It is doubtful at least, as it is unproven, that James Richards died an alien. It is more than probable that he has a brother living who can inherit under chapter 38, Laws of 1875. The conditions of sale should have no binding effect. The wife was directed to sell a good title, and the conditions were signed by the purchaser's son, without understanding its force and effect. He should be relieved if he did not get a good title, notwithstanding the conditions of sale. The title is not one which will sell. It demands proof and explanation. The court will not force a poor title on a purchaser who is holding only by a condition of sale unauthorized by the decree in so vital a particular.

The order should be reversed, with costs and disbursements, and the motion denied, with costs.

PRATT and DYKMAN, JJ., concurred.

Order reversed, with costs and disbursements, and motion denied, with costs.